**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4877**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

BOBBIE RAY EDWARDS, a/k/a Tank,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Arenda Wright ALLEN,
District Judge.  (4:11-cr-00055-AWA-DEM-10)

———————

Submitted:  June 4, 2013            Decided:  July 25, 2013

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Craig W. Sampson, BARNES & DIEHL, PC, Chesterfield, Virginia,
for Appellant.  Neil H. MacBride, United States Attorney,
Alexandria, Virginia; Laura P. Tayman, Assistant United States
Attorney, Richard D. Cooke, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobbie Ray Edwards was convicted of heroin trafficking and related firearms offenses, and the district court sentenced him to life imprisonment plus 60 months. On appeal, Edwards contends that the district court erred (1) in denying his motion to suppress evidence seized during a traffic stop and (2) in denying his request to represent himself. We reject both arguments and affirm.

As agents with the Drug Enforcement Administration accumulated sufficient evidence to believe that Edwards was involved in drug trafficking and while they were presenting evidence to the grand jury, the agents decided to arrest Edwards before receiving the indictment, concluding that "it was the best interest of the community to attempt to arrest Mr. Edwards" immediately. The plan was to observe Edwards in his automobile until he committed a traffic infraction and then to stop him for the infraction, with a K-9 officer on standby.

Law enforcement officers observed Edwards stop by the curb on Marshall Avenue in Newport News, Virginia, to talk to two individuals on the sidewalk. After completing the conversation, Edwards "pulled away from the curb without using his signal and proceeded southbound on Marshall Avenue." The detective observing the traffic violation notified another officer in a marked vehicle to pull Edwards over. A short time thereafter, a

2

K-9 officer arrived on the scene with a drug dog, and the dog alerted to the presence of drugs. As the officer who stopped the vehicle asked Edwards to step out of the car, he placed him in handcuffs and led him to the patrol car. While they were proceeding to the patrol car, Edwards' shirt came open, and the officer observed a gun in his waistband. The officers removed that gun and found two others in the automobile, as well as marijuana and a drug grinder.

During the suppression hearing, the officers testified to their observation of the traffic infraction, and Edwards gave testimony denying having committed the infraction. He stated that he was certain he used his blinker before entering traffic. The district court resolved the credibility dispute against Edwards and denied his motion to suppress. The court indicated that it found Edwards' testimony less credible because of his criminal history, his potential criminal liability to life imprisonment, and inconsistencies that he had given about his academic record. More importantly, the court found the officers' testimony more credible. While it turned out that Edwards did not testify inconsistently about his academic record, we nonetheless are not in a position to overrule the district court's credibility finding. Accordingly, we affirm the district court's ruling on the suppression motion.

With respect to Edwards' request to represent himself without an attorney, Edwards testified that he did not trust his attorney and that his attorney was a poor one. He stated "that's one of the reasons I feel like I have to proceed pro se."

The district court engaged in a lengthy colloquy with Edwards, informing him that if he were found to be guilty, he was likely to be facing a mandatory term of life imprisonment. When the court asked Edwards if he was intelligently asking to represent himself, Edwards responded, "Well, somewhat pressured into doing it." Edwards added, "I just feel like I have to represent myself. . . . I don't feel I have too much choice."

The court then questioned Edwards' attorney, who acknowledged that there had been some strategic differences between himself and Edwards, but that they had had constructive meetings.

The government's attorney argued strongly against Edwards' request, telling the court, "I think that the defendant is trying to manipulate himself into preserving an appellate issue. I think that he's giving us a -- anything other than an unequivocal waiver."

The court ultimately denied Edwards' request, stating:

> I'm going to allow Mr. Dunn to stay in. . . . Mr. Edwards, I'm not going to change my mind. You're looking at severe penalties, and you need somebody

that knows what they are doing. And I believe that everything that [the government] said is correct, and I believe that you disagree with [your attorney's] strategies and his opinions, but the law doesn't require that you agree with all that.

Because of the reasons that Edwards gave the district court during the hearing, we conclude that the district court did not err. Although a defendant may conduct his own defense, even to his own detriment, the court must nonetheless be certain that in choosing self-representation, the defendant knowingly, intelligently, and voluntarily waives his right to counsel. See United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000). Accordingly, an exercise of the right of self-representation must be "(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." Id. (internal citations omitted). "The requirement that the assertion be clear and unequivocal 'is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings,' and it also 'prevents a defendant from taking advantage of and manipulating the mutual exclusivity of the rights to counsel and self-representation.'" United States v. Bush, 404 F.3d 263, 271 (4th Cir. 2005) (quoting Frazier-El, 204 F.3d at 558-59). And when a court is faced with ambiguity, vacillation, or a potential manipulation, it must ascribe a "constitutional primacy to the right to counsel." Frazier-El, 204 F.3d at 559 (internal quotation marks omitted).

Here, the district court denied Edwards' request after a long colloquy with him and after hearing argument from both Edwards' counsel and the government. The court heard from Edwards -- both in his pleadings and in his testimony -- that he felt like he was being forced into representing himself pro se. For example, in his first written request, Edwards stated, "I reluctantly rather proceed pro-se given access to the law library." (Emphasis added). At the hearing, Edwards repeated the theme, saying, "I just feel like I have to represent myself. . . . I don't feel I have too much choice."

In addition to expressing reluctance and showing hesitation, Edwards frequently cited his disappointment in the quality of his counsel as a reason for seeking to proceed pro se. As he explained in one of his letters to the court, "I would rather proceed pro-se than be represented by Attorney Dunn who's already continuing the violation of my constitutional rights to competent assistance of counsel."

The district court noted both the ambivalence and potential manipulation in rejecting Edwards' request. In the totality of these circumstances, we do not believe that the district court erred in denying the request.

For all of the foregoing reasons, we affirm the judgment of conviction entered against Edwards.

AFFIRMED

6